COURT OF APPEALS

| | |
|---|---|
| PEOPLE OF THE STATE OF MICHIGAN, | UNPUBLISHED |
| | November 4, 2014 |
| Plaintiff-Appellant, | |
| v | No. 316129 |
| | Cass Circuit Court |
| JUSTIN PAUL YOUNG, | LC No. 12-010254-FH |
| Defendant-Appellant. | |

Before: METER, P.J., and WHITBECK and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree home invasion, MCL 750.110a(2), larceny in a building, MCL 750.360, possession of marijuana, MCL 333.7403(2)(d), resisting or obstructing a police officer, MCL 750.81d(1), and receiving or concealing stolen property of $1,000 or more but less than $20,000, MCL 750.535. He was sentenced as a fourth-offense habitual offender, MCL 769.12, to 10 to 30 years for first-degree home invasion, 42 months to 15 years for larceny in a building, 257 days for possession of marijuana, 42 months to 15 years for resisting or obstructing a police officer, and 42 months to 10 years for receiving or concealing. We affirm.

I. SUFFICIENCY OF THE EVIDENCE

A. STANDARD OF REVIEW

Defendant first contends that there was insufficient evidence to support his convictions for first-degree home invasion, larceny in a building, and receiving stolen property.[1] We review *de novo* a challenge to the sufficiency of the evidence. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "In determining whether the prosecutor has presented sufficient evidence to sustain a conviction, an appellate court is required to take the evidence in the light most favorable to the prosecutor" to ascertain "whether a rational trier of fact could find the

---

[1] Defendant fails to articulate an argument regarding his conviction for possession of a controlled substance. To the extent that he does challenge this conviction, the evidence was sufficient beyond a reasonable doubt.

defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010) (quotation marks and citations omitted). We resolve conflicts of the evidence in favor of the prosecution, "and we will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). We also note that circumstantial evidence and reasonable inferences arising therefrom can constitute sufficient proof of the elements of a crime. *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

## B. IDENTITY

Defendant first challenges the identity element of his offenses. Identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). In the instant case, a witness testified that three days before the home invasion, defendant indicated that he wanted to break into the victim's home because he knew, based on a mark on the front door, that the owner had guns. The witness saw defendant place his hand inside his shirt and turn the handle of the front door. Defendant also told the witness that he was going to kick in the door. Three days later, the same home was broken into in the manner suggested by defendant, and a gun was stolen. Police found the victim's signet ring at a local pawn shop. The picture identification attached to the contract of sale belonged to defendant. Employees of another local jewelry store testified that defendant tried to sell a university ring matching the description of the one stolen from the victim's home.

When the police eventually located and attempted to arrest defendant, he fled. In subsequent interviews, defendant admitted that he pawned the signet ring and that he knew it was stolen.[2] Although he claimed to have purchased the ring off the street, his timeline of the purchase was impossible given the date of the home invasion. He gave the officers detailed information about the stolen rifle despite claiming no involvement. He also told the officers that the rifle was "in the mist," but that he could help to retrieve it if the charges against him were dropped. Finally, defendant made several statements during recorded jail conversations that further suggested his involvement in the home invasion, such as stating that he hoped someone had taken out the trash in the house.

Based on the foregoing, a jury could reasonably conclude that defendant was the person who committed the crimes. Defendant, however, asserts several other theories to explain away the evidence, and even insinuates that the witness—who saw defendant first try to enter the house three days before—and some of his hypothetical friends could have perpetrated the crime. "While such alternate explanations are *possible,* they are not the proper test of the proofs. The reason is that the prosecution is only required to produce sufficient evidence to establish guilt; it is not required to negate every reasonable theory consistent with a defendant's innocence." *People v Hardiman*, 466 Mich 417, 430; 646 NW2d 158 (2002) (emphasis in original).

---

[2] Defendant states: "To the extent it is relevant, it is clear the police interviewed the Defendant when he was high on marijuana." However, defendant did not explain further, or fully articulate a legal argument on this basis. This also was evidence for the jury to consider when judging the credibility of defendant's statements.

Although defendant also highlights the circumstantial nature of the case, "[c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000) (quotation marks and citation omitted). Defendant's convictions were supported with sufficient evidence.[3]

## C. FIRST-DEGREE HOME INVASION

Defendant also contends that there was insufficient evidence that he was armed with a dangerous weapon, a necessary element of first-degree home invasion. The elements of first-degree home invasion are: (1) defendant either broke and entered a dwelling or entered a dwelling without permission; (2) defendant either intended when entering to commit a felony, larceny, or assault in the dwelling or at any time while entering, present in, or exiting the dwelling committed a felony, larceny, or assault; and (3) while defendant was entering, present in, or exiting the dwelling, he was either armed with a dangerous weapon or another person was lawfully present in the dwelling. *People v Wilder*, 485 Mich 35, 43; 780 NW2d 265 (2010).

Pursuant to the plain language of MCL 750.110a(2), "first-degree home invasion is not necessarily completed at the time of entry into a dwelling, but rather can be completed by commission of the final element of the crime while the person is present in (or leaving) the dwelling." *People v Shipley*, 256 Mich App 367, 377; 662 NW2d 856 (2003). Accordingly, "the theft of a firearm following a break-in at a residence can occur *during the commission of* first-degree home invasion[.]" *Id*. (emphasis in original).

Defendant in the instant case took a rifle while present in the dwelling. Therefore, he was armed with a dangerous weapon *during the commission of* the home invasion. *Shipley*, 256 Mich App at 377. While defendant proposes an elaborate definition of what it means to be armed with a dangerous weapon, and that it is more than mere possession, he fails to support that conclusion with any legal support. See *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009) ("An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.") (Quotation marks and citation omitted).

Further, in the analogous context of armed robbery, MCL 750.529, this Court has held that "*mere possession* of a dangerous weapon escalates the risk of violence and the degree of danger to the victim, even if the weapon is not seen by the victim." *People v Hayden*, 132 Mich App 273, 294; 348 NW2d 672 (1984) (emphasis added). The same logic applies to home invasion. The risk of danger to victims and perpetrators greatly increases when the perpetrator possesses a dangerous weapon at any time during the home invasion. Indeed, the Legislature broadly defines "dangerous weapon" to include even unloaded or inoperable firearms. MCL 750.110a(1)(b)(*i*). Thus, mere possession of any firearm, regardless of whether it is even loaded, is sufficient under the statute. Defendant does not explain how his definition of "armed"

---

[3] Defendant does not challenge any other elements of larceny in a building, receiving or concealing, or possession of marijuana.

comports with the definition in MCL 750.110a(1)(b)(*i*), that the weapon in question does not have to be loaded or operational. Thus, we decline to construe "armed" as requiring something more than mere possession, as such an interpretation is not supported by the plain language of the statute.[4]

Defendant also claims that his conviction of first-degree home invasion cannot stand because he was acquitted of larceny of a firearm, felon in possession, and felony-firearm. However, as our Supreme Court recently reiterated, "inconsistent verdicts within a single jury trial are permissible" because "the verdict may have been the result of compromise, or of a mistake on the part of the jury. . . verdicts cannot be upset by speculation or inquiry into such matters." *People v Wilson*, 496 Mich 91, 100-101; 852 NW2d 134 (2014) (quotation marks and citation omitted). Reversal is not warranted in such a situation "because juries are not held to any rules of logic nor are they required to explain their decisions." *Id.*

## D. RESISTING AND OBSTRUCTING

Defendant next argues that there was insufficient evidence that he resisted or obstructed a police officer. The elements of resisting or obstructing are: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Corr*, 287 Mich App 499, 503; 788 NW2d 860 (2010). The statute defines "obstruct" to include "the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command." MCL 750.81d(7)(a).

Defendant posits that the prosecution failed to produce evidence that he knew the police officers were trying to execute an arrest warrant. Defendant cites to MCL 764.18, which instructs officers that, if possible, they should inform the defendant that they have a warrant for his arrest. Yet, in this case, the officers arrived at defendant's home with their identity emblazoned on their clothing. When defendant saw the officers, he ran. He failed to heed orders for him to "stop," even though one of the officers called out his name. Moreover, based on his involvement with the home invasion, it was reasonable for the jury to conclude that defendant "knew or had reason to know" why the officers were there. MCL 750.81d(1).

The fact that the officers may not have yelled out—to a fleeing defendant—that they had a warrant is not a basis for reversal. There was sufficient evidence to support defendant's conviction for resisting or obstructing. See *People v Pohl*, 207 Mich App 332, 333; 523 NW2d 634 (1994) (in fleeing from police officers, the defendant engaged in "conduct that under all the circumstances hindered an officer conducting a police investigation—a police function covered by the resisting and obstructing statute.").[5]

---

[4] We likewise reject defendant's claim of prosecutorial misconduct on this ground.

[5] Nor does the rule of lenity provide a basis for reversal.

-4-

## II. DOUBLE JEOPARDY

### A. STANDARD OF REVIEW

Defendant next contends that his convictions for larceny in a building and receiving or concealing stolen property cannot stand because the same property was at issue for both crimes. In essence, defendant is raising a double jeopardy challenge. "We review an unpreserved claim that a defendant's double jeopardy rights have been violated for plain error that affected the defendant's substantial rights, that is, the error affected the outcome of the lower court proceedings." *People v McGee*, 280 Mich App 680, 682; 761 NW2d 743 (2008).

### B. ANALYSIS

We apply the "same elements" test and look to the statutes of each crime to determine "if each statute requires proof of an additional fact which the other does not." *People v Ream*, 481 Mich 223, 228; 750 NW2d 536 (2008) (quotation marks and citation omitted).

"The elements of larceny in a building are: (1) the actual or constructive taking of goods or property of another, (2) without the consent and against the will of the owner, and (3) a carrying away or asportation of the goods, (4) with a felonious intent, (5) the taking having occurred within the confines of the building." *People v Randolph*, 466 Mich 532, 552; 648 NW2d 164 (2002), superseded by statute on other grounds 494 Mich 669 (2013). The elements of receiving or concealing are: "(1) the property was stolen; (2) the value of the property met the statutory requirement; (3) defendant received, possessed, or concealed the property with knowledge that the property was stolen; (4) the identity of the property as being that previously stolen; and (5) the guilty actual or constructive knowledge of the defendant that the property received or concealed was stolen." *People v Pratt*, 254 Mich App 425, 427; 656 NW2d 866 (2002).

Reviewing the elements of both crimes, it is evident that they each require an element that the other does not. Larceny in a building requires evidence that the taking occurred within a building and that the goods were carried away, which are not requirements of receiving or concealing. Likewise, receiving or concealing requires evidence that a defendant received or concealed property while knowing it was stolen, which is not a requirement of larceny in a building. Also dissimilar is that receiving or concealing requires the property to be of a certain value, whereas larceny in a building does not. Further, the Michigan Supreme Court has clarified that a person who steals property can be convicted of receiving or concealing that same property. *People v Hastings*, 422 Mich 267, 268; 373 NW2d 533 (1985); see also *People v Nutt*, 469 Mich 565, 592-593; 677 NW2d 1 (2004) (receiving or concealing and second-degree home invasion do not violate double jeopardy principals); *People v Smith*, 478 Mich 292, 296; 733 NW2d 351 (2007).

Because "each statute requires proof of an additional fact which the other does not," there was no double jeopardy violation. *Ream*, 481 Mich at 228.

## III. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

Defendant also argues that there were numerous instances of prosecutorial misconduct requiring reversal. Because defendant did not object to any of the claimed instances of misconduct, our review of these unpreserved claims is for plain error affecting substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008).

## B. ANALYSIS

Defendant first claims that the prosecution committed misconduct when it elicited and emphasized testimony that defendant told officers that he did not have a job, so pawned the signet ring "to get a little money." Even assuming, *arguendo*, that the evidence was improperly admitted, "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence." *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). There is no indication that the prosecution was acting in bad faith in relation to this evidence. Nor has defendant demonstrated how the admission of this evidence affected his substantial rights, especially in light of the significant evidence of guilt. *Brown*, 279 Mich App at 134. Lastly, because a timely objection and request for a curative instruction would have eliminated any potential prejudice, reversal is not warranted. *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

Defendant next claims that the prosecution committed misconduct when eliciting testimony about the circumstances of his arrest. However, as noted *supra*, "prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence." *Noble*, 238 Mich App at 660. The prosecution merely sought to elicit information about the events that led up to defendant's arrest, and explanations for the officers' actions. What the officers were wearing was relevant to the elements of resisting or obstructing, namely, that defendant knew or had reason to know that the officers were police officers performing their duties. Furthermore, the prosecution's comments were "isolated and not overly inflammatory, and the prosecutor did not blatantly appeal to the jury's sympathy." *People v Akins*, 259 Mich App 545, 563 n 16; 675 NW2d 863 (2003); MRE 403.

Defendant also contends that the prosecution made several improper statements during opening statement, including referring to the violation of the sanctity of the victim's home, the police seeking justice, a witness coming forward to tell the truth and do the right thing, defendant admitting to smoking marijuana, and that defendant's jail conversations and knowledge of the gun were indicative of guilt.

None of these comments justify reversal. The prosecution was communicating what evidence it planned to introduce at trial, which is appropriate. *Ericksen*, 288 Mich App at 200. Even if the evidence should have been excluded, a prosecutor's good faith effort to introduce evidence is not a basis for reversal. *Noble*, 238 Mich App at 660. Nor were the prosecution's comments impermissible civic duty or sympathy arguments, as the prosecution did not imply any special knowledge or appeal to the fears and prejudices of the jury. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). Defendant's argument also ignores the well-settled precept that the prosecution is not restricted to the blandest terms possible, and may use "hard language." *People v Ullah*, 216 Mich App 669, 678-679; 550 NW2d 568 (1996). While the prosecution may not vouch for a witness' credibility in a manner that suggests special knowledge, it is entitled to comment on a witness' credibility. *People v Thomas*, 260 Mich App 450, 455; 678

NW2d 631 (2004). Further, the trial court clearly instructed the jury that the attorneys' statements were not evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Defendant also argues that the cumulative effect of the alleged errors denied him a fair trial. However, "only actual errors are aggregated to determine their cumulative effect." *Bahoda*, 448 Mich at 292 n 64. Moreover, because the cumulative effect of any such errors did not undermine the confidence in the reliability of the verdict, reversal is not warranted. *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007); see also *Bahoda*, 448 Mich at 293 n 64 ("Defendant is only entitled to a fair trial, not a perfect one. He received a fair trial.").

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. STANDARD OF REVIEW

Lastly, defendant contends that he was denied the effective assistance of counsel. Because defendant failed to preserve this issue by moving for a new trial or evidentiary hearing, our review is limited to errors apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

### B. ANALYSIS

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden to prove otherwise." *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005). To establish a claim for ineffective assistance of counsel, a defendant first must establish that "counsel's representation fell below an objective standard of reasonableness." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012) (quotation marks and citation omitted); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Second, the defendant must show that trial counsel's deficient performance prejudiced his defense, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation marks and citation omitted); see also *Strickland*, 466 US at 687.

Defendant claims that his counsel was ineffective for failing to object to the alleged errors discussed *supra*. However, we have found no reversible error, and defense counsel is not ineffective for failing to advance meritless positions. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000). Furthermore, defendant has not demonstrated that but for counsel's conduct, the outcome of the trial would have been different. There was significant circumstantial evidence that defendant committed the crimes. The alleged, relatively minor, errors discussed on appeal are insufficient to vitiate the jury's verdict.

Defendant also contends that his defense counsel was ineffective for failing to object to the prosecutor's motion to add the attempted home invasion charge, and failing to move to sever the trials. However, defendant suffered no unfair surprise, inadequate notice, or insufficient opportunity to defend, as the relevant evidence was disclosed during the preliminary examination. *People v Hunt*, 442 Mich 359, 365; 501 NW2d 151 (1993). Furthermore, any attempt to sever the trials would have been futile, as the attempted home invasion and the home

-7-

invasion were "related" pursuant to MCR 6.120 because they were "a series of acts constituting parts of a single scheme or plan." Nor do we find persuasive defendant's argument that the evidence of the attempted home invasion would have been excluded if the trials had been severed.

## V. CONCLUSION

Defendant's convictions were supported with sufficient evidence, and his convictions do not violate double jeopardy. There were no instances of prosecutorial misconduct warranting reversal, and defendant was not denied the effective assistance of counsel. We affirm.

/s/ Patrick M. Meter
/s/ William C. Whitbeck
/s/ Michael J. Riordan