# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

QUARAWN RASHAUD CAMP,

Defendant-Appellant.

UNPUBLISHED
November 19, 2015

No. 322291
Kent Circuit Court
LC No. 13-009323-FC

Before: MARKEY, P.J., and OWENS and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of assault with intent to rob while armed (AWIRA), MCL 750.89; carrying a concealed weapon (CCW), MCL 750.227; and possession of a firearm during the commission of a felony, MCL 750.227b(1). We affirm.

Detrice Murdaugh and Demarrious Weems lived together in a house in Kentwood, Michigan. On July 20, 2013, Murdaugh's brother, Demari Brown, visited them at that house. Murdaugh, Weems, and Brown planned to go to a barbeque together. Before they left, defendant sent Murdaugh a text message asking to purchase marijuana from him. Murdaugh agreed to the sale and waited for defendant to arrive. After waiting a while, Murdaugh, Weems, and Brown got into Murdaugh's automobile, and Murdaugh began to drive to the barbeque. Shortly after leaving, they saw defendant walking toward the house, so Murdaugh turned around and returned to meet him. Murdaugh got out of the automobile and went into the house. Weems and Brown remained in the automobile, and defendant spoke with them briefly. Weems showed defendant a nine-millimeter Kel Tec firearm that he found in the woods near the house of a friend where a shooting had previously occurred. Defendant then went inside the house while Weems and Brown stayed in the automobile.

Murdaugh testified that he showed defendant the marijuana for sale; defendant then indicated that he did not have money and asked to have the marijuana but pay for it later. Murdaugh did not agree to this, and defendant subsequently pointed a firearm in his face and said "give me everything." Murdaugh grabbed defendant and wrestled with him, trying to get the firearm away from him. Murdaugh was shot twice in the ribs and once in the back of his neck. Brown and Weems heard gunshots and shouts for help. Brown recognized the shouts as Murdaugh's. Brown ran from the automobile into the house, and Weems ran to the side of the house. Weems loaded his Kel Tec, waited 30 or 40 seconds, and then went into the house. He

-1-

testified that he did not bring his Kel Tec into the house because he thought that he did not need it. Brown and Weems saw defendant and Murdaugh struggling with each other for the firearm that defendant had in his hand. Weems hit defendant until defendant dropped his firearm, and Weems dragged defendant out onto the sidewalk.

Defendant admitted that he shot Murdaugh, but claimed that he fired in self-defense. Defendant testified that while he was in the house, Murdaugh attacked him by surprise. They fought with each other for one or two minutes, then Weems, Brown, and a man with dreadlocks came running into the house. Defendant testified that he saw Weems with a firearm in his hand. Defendant testified that he pulled out his firearm and shot Murdaugh because he was "outnumbered," and "there couldn't be any more one-on-one fightin' between me and him."

Defendant first argues that the evidence was insufficient for the jury to find him guilty of AWIRA or felony-firearm. When assessing the sufficiency of the evidence, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that all of the essential elements of the crime were proven beyond a reasonable doubt. *People v Railer*, 288 Mich App 213, 216-217; 792 NW2d 776 (2010). This Court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. The scope of review is the same whether the evidence is direct or circumstantial." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). It is for the jury, not this Court, to assess the credibility of witnesses. *People v Eisen*, 296 Mich App 326, 331; 820 NW2d 229 (2012).

Defendant argues that because the prosecution relied on circumstantial evidence to prove its case, an inference of criminality may be drawn from such evidence only if it follows as an impelling certainty. This misstates the law: circumstantial evidence and reasonable inferences drawn from it will support a conviction if the evidence proves the elements of the offense beyond a reasonable doubt. *People v Ericksen*, 288 Mich App 192, 196; 793 NW2d 120 (2010).

The elements of AWIRA, MCL 750.89, are as follows: "(1) an assault with force and violence; (2) an intent to rob or steal; and (3) the defendant's being armed." *People v Akins*, 259 Mich App 545, 554; 675 NW2d 863 (2003). Proof of this offense requires evidence that the defendant intended to rob or steal. *Id*.

There was sufficient evidence from which the jury could find that defendant assaulted Murdaugh with force and violence because the circumstances indicate that defendant, by overt conduct, caused Murdaugh to reasonably believe that defendant would do what he threatened, i.e., shoot him. See *People v Reeves*, 458 Mich 236, 244; 580 NW2d 433 (1998) (noting that an assault is established when the victim reasonably apprehends an imminent battery). Murdaugh testified that defendant pointed a firearm in his face and said "give me everything." Brown and Weems testified that they heard yells for help, heard gun shots, and saw defendant and Murdaugh wrestling with each other. There is no dispute that defendant pointed a gun at Murdaugh and shot him. There was also sufficient evidence for the jury to find that defendant intended to rob or steal from Murdaugh because he told Murdaugh to give him "everything" after Murdaugh showed defendant marijuana and defendant asked for marijuana without paying at that time. This supports that defendant intended to rob Murdaugh or steal his property, permanently depriving him of it. *People v King*, 210 Mich App 425, 428; 534 NW2d 534 (1995).

Defendant nevertheless argues that the evidence was insufficient to find that defendant intended to rob or steal because Murdaugh testified that he did not know what exactly defendant wanted when he said "give me everything." "Minimal circumstantial evidence is sufficient to prove an actor's state of mind." *People v Ortiz*, 249 Mich App 297, 301; 642 NW2d 417 (2001). When viewed in a light most favorable to the prosecution, *Railer*, 288 Mich App at 216, evidence that defendant pointed a firearm at Murdaugh and said "give me everything" after asking for marijuana was sufficient to allow the jury to find that defendant intended to steal or permanently deprive Murdaugh of his property, *King*, 210 Mich App at 428. Moreover, there is no dispute that defendant was armed during the incident. Thus, the evidence was sufficient for the jury to find all the essential elements of AWIRA were proved beyond a reasonable doubt.

"The elements of felony-firearm are that the defendant possessed a firearm during the commission or attempt to commit a felony." *People v Davis*, 216 Mich App 47, 53; 549 NW2d 1 (1996). There is no dispute that defendant carried and had in his possession a firearm during the incident. Because the evidence was sufficient to find defendant guilty of AWIRA, which is a felony not excluded under MCL 750.227b(1), we conclude that there was sufficient evidence to find defendant guilty of felony-firearm. *Id.*; *Railer*, 288 Mich App at 217.

Defendant argues that the evidence is insufficient because defendant did not admit to committing the crimes, and there was no scientific evidence suggesting guilt. There is no requirement that a defendant admit to a crime to be convicted of it, and there is no requirement for scientific evidence. Defendant also discusses at length in his brief on appeal various reasons why the testimony of Murdaugh, Weems, and Brown was not credible, and numerous alternative scenarios—all suggesting defendant's innocence—that could be inferred from the evidence. But, it is for the jury, not this Court, to assess the credibility of witnesses. *Eisen*, 296 Mich App at 331. "[I]f evidence is relevant and admissible, it does not matter that the evidence gives rise to multiple inferences or that an inference gives rise to further inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). And, "the prosecution is only required to produce sufficient evidence to establish guilt; it is not required to negate every reasonable theory consistent with a defendant's innocence." *Id.* at 430.

Defendant next argues that the trial court abused its discretion in admitting photographs of Murdaugh's wounds. Photographs are generally admissible as long as they are relevant, MRE 401, and not unfairly prejudicial, MRE 403. *People v Gayheart*, 285 Mich App 202, 227; 776 NW2d 330 (2009). "Photographs may properly be used to corroborate other evidence and are not excludable simply because they are cumulative of a witness's oral testimony." *Id.* In this case, the prosecution introduced six photographs of Murdaugh's wounds. They depict Murdaugh unconscious and are not overly gruesome. The photographs are relevant because they helped prove the first and third elements of AWIRA—specifically, that defendant assaulted Murdaugh and that defendant was armed. *Akins*, 259 Mich App at 554. They also helped to prove the felony-firearm charge because they showed that defendant most likely possessed or carried a firearm while committing AWIRA. For the same reason, the photographs were relevant to prove the CCW charge. MCL 750.227(2). Moreover, the probative value of the photographs was not "substantially outweighed by the danger of unfair prejudice . . . ." MRE 403. Therefore, the trial court did not abuse its discretion in admitting them. *Gayheart*, 285 Mich App at 228.

Defendant next alleges numerous instances of prosecutorial misconduct. First, he argues that the prosecution committed misconduct by introducing the photographs of Murdaugh's injuries. The test to determine if alleged prosecutorial misconduct requires reversal is whether, viewed in context, the conduct denied defendant a fair and impartial trial. *People v Dobek*, 274 Mich App 58, 63-64; 732 NW2d 546 (2007). "The prosecution has wide latitude in arguing the facts and reasonable inferences, and need not confine argument to the blandest possible terms." *Id*. at 66. Furthermore, a "prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123 (1999). In this case, the prosecution acted in good faith in presenting relevant evidence, so there is no prosecutorial misconduct. Defendant's argument that the prosecution improperly appealed to the jury's sympathy by introducing the photographs fails because there is no indication that the prosecution made any appeal to the jury's sympathy in introducing them. Defendant has not shown that the prosecution committed misconduct with regard to introducing the photographs into evidence.

Second, defendant argues that the prosecution committed misconduct when it argued that Murdaugh was threatened in the courtroom. Specifically, in its closing argument, the prosecution argued that Murdaugh was threatened outside the door of the courtroom before he testified in this case. In making this argument, the prosecution was referring to the following exchange that occurred at the beginning of the prosecution's direct examination of Murdaugh:

> *Q*. Who was that out in the entryway between the two doors?
>
> *A*. I don't know.
>
> *Q*. Who?
>
> *A*. I said I don't know his name.
>
> *Q*. Do you know if he's related to the defendant?
>
> *A*. I don't know. They look alike.
>
> *Q*. What did he say to you? Call you a *snitch*?
>
> *A*. Yeah. I ain't hear the words.
>
> *Q*. What did he say to you?
>
> *A*. I ain't hear the words.

Although a prosecutor may not mischaracterize the evidence presented, the prosecutor has wide latitude in arguing reasonable inferences from the evidence. *Dobek*, 274 Mich App at 66; *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001). Clearly, Murdaugh did not testify that he was threatened. Nevertheless, it could reasonably be inferred the entryway comment contained a veiled threat such that it cannot be concluded that plain error occurred. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Moreover, even if plain error occurred, there is no indication that this comment affected "the outcome of the lower court

proceedings." *Id.* As discussed already, substantial evidence supported defendant's convictions of AWIRA, CCW, and felony-firearm. Moreover, the trial court properly instructed the jury to consider only properly admitted evidence and that the attorneys' argument were not evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003). Consequently, if error occurred, it does not warrant reversal. *Carines*, 460 Mich at 763. For the same reasons, defendant's arguments that misconduct occurred because the evidence was inadmissible must fail. *Id.*; *Noble*, 238 Mich App at 660-661.

Third, defendant argues that the prosecution committed misconduct when it argued that defendant had a self-serving memory. There is, however, abundant evidence in the record from which the prosecution could reasonably infer that defendant's memory was self-serving. The prosecutor has wide latitude in arguing reasonable inferences from the evidence. *Dobek*, 274 Mich App at 66; *Watson*, 245 Mich App at 588. No error occurred.

Fourth, defendant argues that the prosecution committed misconduct when it argued that this case was a matter of three witnesses testifying that events happened one way, and one witness testifying that events happened another way, which was not a fact in evidence. This argument is utterly without merit. The record is replete with testimony from Brown, Weems, and Murdaugh directly contradicting defendant's testimony. Defendant has failed to establish plain error in this regard. *Watson*, 245 Mich App at 588; *Carines*, 460 Mich at 763-764.

Fifth, defendant argues that the prosecution committed misconduct when it improperly appealed to jurors' "civic duty" by telling them that the case needed to be resolved in the courtroom rather than in the streets. A prosecutor may not advocate that it is the jury's civic duty to convict a defendant. *People v Ackerman*, 257 Mich App 434, 452; 669 NW2d 818 (2003). A prosecutor's comments must be viewed in context and evaluated in light of "the relationship they bear to the evidence admitted at trial." *Id.*

Murdaugh admitted in testimony that he did not want to testify and was only doing so at the behest of his probation officer. Although there is no direct evidence that Murdaugh wanted to inflict violence to settle the case, we conclude that the challenged argument by the prosecutor was a reasonable inference from the evidence at trial that Murdaugh, Weems, Brown, and defendant lived in a community where drugs, firearms, and violence were prevalent. Therefore, "the prosecutor's remarks were not a call to convict as a matter of civic duty, but rather, argument based on the evidence and reasonable inferences" from the evidence presented at trial. *Ackerman*, 257 Mich App at 454. The prosecution was not "encouraging jurors to suspend their powers of judgment." *People v Thomas*, 260 Mich App 450, 455-456; 678 NW2d 631 (2004). Rather, the prosecution's "remarks fell within the boundaries regarding the proper use of emotional language in prosecutorial argument, and did not deny defendant a fair trial[.]" *Ackerman*, 257 Mich App at 454. Moreover, even if improper, the comments did not affect the outcome so would not warrant reversal. *Id.* at 448-449; *Abraham*, 256 Mich App at 279.

Sixth, defendant argues that the prosecution committed misconduct when it asked defendant his opinion regarding the truthfulness of Murdaugh's testimony. It is generally improper for a witness to comment or provide an opinion on the credibility of another witness because the jury determines the credibility of witnesses. *Dobek*, 274 Mich App at 71. But

defendant fails to cite any instance where the prosecution asked him to comment on the credibility of any witness; therefore, he has not established plain error, and he has not shown that the prosecutor's conduct denied him a fair trial. *Dobek*, 274 Mich App at 63-64. Further, defendant's argument that the trial court interfered with the jury's role as factfinder is abandoned. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

Defendant next argues that his trial counsel was ineffective for failing to object to the prosecution's errors. "To prevail on a claim of ineffective assistance, a defendant must, at a minimum, show that (1) counsel's performance was below an objective standard of reasonableness and (2) a reasonable probability that the outcome of the proceeding would have been different but for trial counsel's errors." *Ackerman*, 257 Mich App at 455.

Defendant failed to identify the remarks that he believes counsel was ineffective for failing to object to, and has thus abandoned the issue. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). To the extent that defendant argues that counsel was ineffective for failing to object to the prosecution's conduct discussed *supra*, this argument fails. Defendant has established no errors of counsel and certainly none for which a reasonable probability exists that the outcome of the proceeding would have been different. *Ackerman*, 257 Mich App at 455. First, defendant has not overcome the presumption that counsel's failure to object was reasonable trial strategy. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004). Second, as discussed already, an objection by counsel to the prosecution's remarks would have been futile because they were not improper, and "[c]ounsel is not ineffective for failing to make a futile objection." *Thomas*, 260 Mich App at 457.

Finally, we find without merit defendant's argument that counsel was ineffective for failing to call an expert witness to testify that defendant's memory problems could have resulted from the beating defendant received from Weems and Brown. Again, defendant has failed to overcome the presumption that this was trial strategy. *Payne*, 285 Mich App at 190. More importantly, defendant has not established the factual predicate of his claim. *Ackerman*, 257 Mich App at 455. In sum, defendant has not shown that counsel's performance fell below an objective standard of reasonableness. *Id*.

We affirm.

/s/ Jane E. Markey
/s/ Donald S. Owens
/s/ Amy Ronayne Krause