Collins, J.
 

 following a jury trial, defendant was convicted of failing to stop at the scene of a serious personal injury accident, MCL 257.617; MSA 9.2317, and operating a motor vehicle while his license was suspended, MCL 257.904(1); MSA 9.2604(1). The trial court sentenced defendant to three to five years’ imprisonment for the conviction of failing to stop and to ninety days for the conviction of driving with a suspended license. Defendant appeals as of right his conviction and sentence for failing to stop at the scene of a serious personal injury accident. We affirm.
 

 This case arises from a single-vehicle accident. On the evening of February 6, 1997, defendant left the Sky Ranch bar in a pickup truck he had borrowed from a customer of the garage where he worked. He was carrying two passengers, Jose Acevedo and Harry Dalton. After traveling a short distance, defendant lost control of the truck, which entered a treed area off the road and rolled over. Dalton was ejected from the truck and suffered severe injuries to his face and neck.
 
 [1]
 
 Defendant left Acevedo and Dalton and proceeded to his employer’s residence to retrieve a tow truck from the garage there. While defendant was gone, Acevedo helped Dalton back into the pickup truck. Without informing his employer of the accident or informing him that he was taking a tow truck from his garage, defendant took the truck, returned to
 
 *651
 
 Acevedo and Dalton, attached the pickup track containing Dalton to the tow track, and drove back to the Sky Ranch bar. When he arrived there, one of the bar employees called 911. Before the ambulance arrived, defendant and Acevedo left. Defendant returned the tow track to his employer, and at that time told him that he had borrowed the track to pull a woman’s car out of a ditch.
 

 Dalton was transported by ambulance to a local hospital. Because that hospital was not equipped to handle his injuries, he was transferred to the University of Michigan Hospitals. Dalton died approximately four weeks later as the result of a blood clot that obstructed the circulation of his blood.
 

 Defendant first argues that his conviction must be reversed because MCL 257.619; MSA 9.2319 is unconstitutionally vague on its face and as applied to him. Although he did not challenge the constitutionality of the statute in question in the trial court, this Court may consider whether a statute is constitutional absent challenge below.
 
 People v Wilson,
 
 230 Mich App 590, 593; 585 NW2d 24 (1998). This Court reviews de novo the question of a statute’s constitutionality under the void-for-vagueness doctrine.
 
 Id.
 

 Statutes and ordinances are presumed to be constitutional and are so construed unless their unconstitutionality is clearly apparent.
 
 Id.
 
 at 593-594. A statute may be challenged for vagueness on three grounds: (1) that it is overbroad and impinges on First Amendment freedoms, (2) that it does not provide fair notice of the conduct proscribed, and (3) that it is so indefinite that it confers unstructured and unlimited discretion on the trier of fact to determine whether the law has been violated.
 
 People v Hubbard (After
 
 
 *652
 

 Remand),
 
 217 Mich App 459, 484; 552 NW2d 493 (1996). Defendant challenges the statute’s constitutionality under the second and third grounds. To give fair notice, a statute must give a person of ordinary intelligence a reasonable opportunity to know what is prohibited,
 
 People v Perez-DeLeon,
 
 224 Mich App 43, 46; 568 NW2d 324 (1997), or required. See
 
 People v White,
 
 212 Mich App 298, 312; 536 NW2d 876 (1995). The statute cannot use terms that require persons of ordinary intelligence to guess its meaning and differ about its application.
 
 People v Capriccioso,
 
 207 Mich App 100, 102; 523 NW2d 846 (1994). A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words.
 
 People v Vronko,
 
 228 Mich App 649, 653; 579 NW2d 138 (1998).
 

 The relevant portion of MCL 257.617; MSA 9.2317, under which defendant was charged, provides as follows:
 

 The driver of a vehicle who knows or who has reason to believe that he or she has been involved in an accident upon either public or private property, when the property is open to travel by the public, resulting in serious or aggravated injury to or death of a person shall
 
 immediately stop his or her vehicle at the scene of the accident and shall remain there until the requirements of section 619 are fulfilled.
 
 [Emphasis added.]
 

 MCL 257.619; MSA 9.2319 provides:
 

 The driver of any vehicle who knows or who has reason to believe that he has been involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended to by any person shall give his name, address, and the registration number of the vehicle
 
 *653
 
 he is driving, also the name and address of the owner, and exhibit his operator’s or chauffeur’s license to the person struck or the driver or occupants of any vehicle collided with and
 
 shall render to any person injured in such accident reasonable assistance in securing medical aid or transportation of injured person or persons.
 
 [Emphasis added.]
 

 Defendant argues that MCL 257.619; MSA 9.2319 is unconstitutionally vague because it provides no standard for what constitutes reasonable assistance; thus, it does not provide fair notice of the conduct required and confers unlimited discretion on the trier of fact to determine whether the law has been violated.
 

 In
 
 People v Thompson,
 
 259 Mich 109; 242 NW 857 (1932), our Supreme Court held that 1929 CL 4722, a predecessor to MCL 257.617; MSA 9.2317 and MCL 257.619; MSA 9.2319, was not void for vagueness. Section 30 of the 1929 statute required the driver to stop at the scene, give his name, address, registration number, the name and address of the vehicle’s owner, and to show his license to the people in the car. See
 
 Thompson, supra
 
 at 112. Further, subsection 30(c) required the driver to
 

 render to any person injured in such accident reasonable assistance
 
 including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person. [Thompson, supra
 
 at 113 (emphasis added).]
 

 In upholding the statute, the Court noted that provisions requiring drivers to render assistance to those injured are common to motor vehicle acts of many states.
 
 Id.
 
 at 121.
 

 
 *654
 
 Defendant argues that
 
 Thompson
 
 does not control in this case because the wording of the earlier statute was more definite than the version under which defendant was convicted and because the options available to drivers required to provide reasonable assistance in 1932 were more limited and more easily defined than those currently available. We disagree. While the version of the statute upheld in
 
 Thompson
 
 states that “reasonable assistance”
 
 includes
 
 carrying an injured person to a doctor, it does not purport to provide an exhaustive list of conduct that would be considered reasonable. Moreover, in
 
 Plymouth Charter Twp v Hancock,
 
 236 Mich App 197, 201; 600 NW2d 380 (1999), this Court found that the use of the reasonable person standard saved an ordinance from being impermissibly vague. Noting that the reasonable person standard is a hallmark of the Anglo-American legal system, the
 
 Hancock
 
 Court concluded that “[t]he reasonable person standard assures that ‘the person of ordinary intelligence [has] a reasonable opportunity to know what is prohibited, so that he may act accordingly.’ ”
 
 Id.
 
 at 202, quoting
 
 Grayned v City of Rockford,
 
 408 US 104, 108-109; 92 S Ct 2294; 22 L Ed 2d 222 (1972).
 

 Although
 
 Hancock
 
 addressed a First Amendment challenge to a township noise ordinance, its reasoning is consistent with that of the
 
 Thompson
 
 Court. The
 
 Thompson
 
 Court noted the humanitarian purpose behind the challenged statute,
 
 Thompson, supra
 
 at 123, and observed that “ ‘[i]t is necessary to apply the rule of reason or common understanding to many statutes in order to carry out their purpose.’ ”
 
 Id.
 
 at 117, quoting
 
 People v McMurchy,
 
 249 Mich 147, 179; 228 NW 723 (1930). Furthermore, we do not believe
 
 *655
 
 that the availability of more sophisticated and more numerous means of assisting an accident victim today than were available at the time of
 
 Thompson
 
 vitiates the use of the reasonable person standard. The standard clearly anticipates a determination of reasonableness under the circumstances of a particular case. Accordingly, we find that MCL 257.619; MSA 9.2319 is not unconstitutionally vague on its face.
 

 We also conclude that the statute is not vague as applied to defendant. As discussed below, defendant’s behavior could reasonably be construed as purposely avoiding the most immediate means of securing medical aid for Dalton. We find that the reasonableness standard of MCL 257.619; MSA 9.2319 put defendant on notice that such behavior does not meet the requirements of that statute.
 

 Defendant next argues that the prosecution presented insufficient evidence to prove beyond a reasonable doubt that he was guilty of failing to render reasonable assistance at a serious personal injury accident. We disagree. In reviewing the sufficiency of the evidence, this Court considers the evidence in the light most favorable to the prosecutor and determines whether a rational trier of fact could conclude that the essential elements of the crime were proved beyond a reasonable doubt.
 
 People v Plummer,
 
 229 Mich App 293, 299; 581 NW2d 753 (1998). Circumstantial evidence and reasonable inferences that arise therefrom may be sufficient to prove the elements of an offense.
 
 Id.
 

 The only element of the charge of leaving the scene of a serious or aggravated personal injury accident or death that is at issue in this case is whether defend
 
 *656
 
 ant failed to render reasonable assistance.
 
 [2]
 
 Defendant contends that by stopping and taking action intended to assist Dalton, he fulfilled the requirements of § 619. However, the prosecution presented evidence of the following in support of its theory that the assistance rendered by defendant was not reasonable: (1) defendant went to his employer’s residence to get the tow truck instead of going to Sky Ranch, which was a shorter distance away, to call for help, (2) he did not call for help from his employer’s home or garage, (3) he declined assistance from a passerby in a vehicle who stopped to ask if anyone needed help and he failed to inform the passerby that anyone was injured, (4) he took the time to unhitch the pickup from the tow truck and push the pickup into a driveway adjacent to the Sky Ranch before attending to Dalton, (5) he denied that Dalton needed medical care when he arrived at Sky Ranch and told one of the Sky Ranch employees not to call for help, and (6) he did not remain at the scene until the ambulance arrived to provide details of the accident and information about Dalton’s condition.
 

 The prosecution’s theory was that defendant did not want authorities involved because at the time of the accident he was driving another person’s vehicle while his license was suspended. While defendant argues that he never attempted to hide his identity as the driver of the pickup involved in the accident, viewing the evidence presented in the light most favorable to the prosecution, a rational trier of fact
 
 *657
 
 could reasonably infer from the facts in evidence that, at the very least, defendant sought to obscure the events of the evening to avoid culpability. That he could not hide his involvement does not mean that he did not attempt to. Although defendant denied that he said that Dalton did not need medical care or that 911 need not be called, and Acevedo corroborated that testimony, two other witnesses testified to the contrary. This Court does not interfere with a jury’s credibility determinations.
 
 People v DeLisle,
 
 202 Mich App 658, 660; 509 NW2d 885 (1993). The evidence supports an inference that defendant made a deliberate choice to proceed in a manner that might aid himself rather than render reasonable assistance in securing medical attention for the person injured in the accident. Therefore, we conclude that the prosecutor presented sufficient evidence for a rational trier of fact to find that defendant did not render reasonable assistance under the circumstances.
 

 We note that this case does not present facts similar to those in
 
 People v Sartor,
 
 235 Mich App 614; 599 NW2d 532 (1999), where this Court found that there was insufficient evidence that the defendant had failed to render reasonable assistance in securing medical aid for the person fatally injured in an accident involving the defendant. In
 
 Sartor,
 
 this Court reasoned that because the decedent was killed instantly, the defendant could not have provided any meaningful medical assistance at the scene.
 
 Id.
 
 at 621. Here, not only was Dalton not killed in the accident in which defendant was involved, there was considerable testimony concerning the severity of his injuries and the extent of his pain. That Dalton was in
 
 *658
 
 need of immediate medical assistance was obvious. Accordingly, any reliance on
 
 Sartor
 
 is misplaced.
 

 Defendant argues in the alternative that his conviction was against the great weight of the evidence. Because defendant did not move for a new trial in the trial court, this issue is not preserved for appellate review and we need not address it absent manifest injustice.
 
 People v Winters,
 
 225 Mich App 718, 729; 571 NW2d 764 (1997). As discussed above, the evidence in this case did not clearly weigh in defendant’s favor. Because the evidence reasonably supports the verdict in this case, no miscarriage of justice will result from our failure to consider this issue or remand for a hearing regarding this issue. See
 
 DeLisle,
 
 supra at 661.
 

 Defendant argues next that the district court erred in binding him over on the charge of failing to stop at the scene of a serious personal injury accident because he did stop and render assistance and because the statutes in question do not apply to single-vehicle accidents. Defendant failed to preserve this issue by not filing a motion to quash.
 
 People v Brown,
 
 126 Mich App 282, 286-287; 336 NW2d 908 (1983). Therefore, our review is limited to determining whether defendant has demonstrated a plain error that affected substantial rights. See
 
 People v Carines,
 
 460 Mich 750, 763; 597 NW2d 130 (1999).
 

 The decision whether alleged conduct falls within the statutory scope of a criminal law involves a question of law, which this Court reviews de novo.
 
 People v Hamblin,
 
 224 Mich App 87, 91; 568 NW2d 339 (1997). The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature.
 
 People v Webb,
 
 458 Mich 265, 273-274; 580
 
 *659
 
 NW2d 884 (1998). The first criterion in determining intent is the specific language of the statute.
 
 People v Pitts,
 
 216 Mich App 229, 232; 548 NW2d 688 (1996). The Legislature is presumed to have intended the meaning it plainly expressed.
 
 People v Fetterley,
 
 229 Mich App 511, 525; 583 NW2d 199 (1998). Criminal statutes must be strictly construed, with each word interpreted according to its ordinary usage and common meaning.
 
 People v McCullough,
 
 221 Mich App 253, 255; 561 NW2d 114 (1997).
 

 With regard to defendant’s argument that the statutes in question were not intended to apply to single-vehicle accidents, we find that the statutes’ plain language indicates otherwise. Section 617 imposes a duty on “[t]he driver of
 
 a vehicle
 
 who knows or has reason to believe that he or she has been involved in
 
 an
 
 accident. . . . ” (Emphasis added.) Similarly, § 619 applies to “[t]he driver of
 
 any vehicle
 
 who knows or has reason to believe that he has been involved in
 
 an
 
 accident. . . .” (Emphasis added.) Because the statutory language does not specifically limit the provisions of §§ 617 and 619 to accidents involving two vehicles or a vehicle and a pedestrian, we conclude that the Legislature did not intend to so limit those provisions. Furthermore, statutes should be interpreted to avoid absurd or illogical consequences.
 
 People v Ward,
 
 211 Mich App 489, 492; 536 NW2d 270 (1995). As the prosecution points out, to conclude that the statutes do not apply to drivers involved in single-vehicle accidents would lead to the unreasonable result that those suffering serious injury as a result of a single-vehicle accident are not entitled to the same attention as those injured in two-vehicle or vehicle-pedestrian accidents.
 

 
 *660
 
 For reasons discussed above, defendant’s argument that his bindover was improper because his conduct fulfilled the requirements of § 619, i.e., he did stop and render assistance, fails as well. Again, the statute requires that the driver of a vehicle involved in an accident provide
 
 reasonable
 
 assistance in securing medical aid, not simply assistance. Because defendant’s conduct may actually have impeded more immediate medical help for Dalton, it could be construed as unreasonable under the circumstances. Therefore, we conclude that defendant’s bindover was proper.
 

 Defendant next argues numerous instances of prosecutorial misconduct. Because he did not object at trial to the alleged misconduct, appellate review is precluded unless a curative instruction could not have eliminated possible prejudice or failure to consider the issue would result in a miscarriage of justice.
 
 People v Ramsdell,
 
 230 Mich App 386, 404; 585 NW2d 1 (1998). Issues of prosecutorial misconduct are decided case by case, with the reviewing court examining the pertinent portion of the record and evaluating the prosecutor’s remarks in context.
 
 People v Paquette,
 
 214 Mich App 336, 341-342; 543 NW2d 342 (1995). The test is whether defendant was denied a fair trial.
 
 Id.
 

 Our review of the record reveals that most of the challenged statements by the prosecutor were, in fact, proper. With regard to the prosecutor’s introduction of evidence concerning Dalton’s death, while such evidence was of marginal relevance, prosecutorial misconduct cannot be predicated on good-faith efforts to admit evidence.
 
 People v Missouri,
 
 100 Mich App 310, 328; 299 NW2d 346 (1980). The prosecutor is entitled to attempt to introduce evidence that
 
 *661
 
 he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant.
 
 Id.
 
 at 328-329. Defendant has not demonstrated bad faith on the part of the prosecutor or that he was prejudiced by admission of the testimony. Moreover, any prejudice to defendant resulting from the prosecutor’s references to Dalton’s death during closing arguments could have been cured by a timely objection and curative instruction. Therefore, a miscarriage of justice will not result from our failure to review this unpreserved issue.
 

 Defendant’s fifth argument on appeal is that the trial court abused its discretion in sentencing him to three to five years in prison. We disagree. We review sentences for an abuse of discretion.
 
 People v Phillips (On Rehearing),
 
 203 Mich App 287, 290; 512 NW2d 62 (1994). A sentence must be proportionate to the seriousness of the offense and the defendant’s criminal record.
 
 Id.
 
 Although defendant argues that the trial court improperly punished him for Dalton’s death, the record shows that the court made no reference to Dalton’s death in sentencing defendant. The record reveals that the court duly considered the seriousness of the offense and defendant’s circumstances and background in rendering sentence in this case. Therefore, we find no abuse of discretion.
 

 Finally, defendant argues that he received ineffective assistance of counsel at trial. We disagree. Defendant did not move for an evidentiary hearing or a new trial based on ineffective assistance of counsel in the trial court. Therefore, this Court’s review is limited to errors apparent on the record.
 
 People v Stewart (On Remand),
 
 219 Mich App 38, 42; 555 NW2d 715 (1996). Effective assistance of counsel is pre
 
 *662
 
 sumed, and the defendant bears a heavy burden of proving otherwise.
 
 People v Effinger,
 
 212 Mich App 67, 69; 536 NW2d 809 (1995). In order for this Court to reverse on the basis of ineffective assistance of counsel, defendant must show that his counsel’s performance fell below an objective standard of reasonableness and so prejudiced defendant that he was denied the right to a fair trial.
 
 People v Pickens,
 
 446 Mich 298, 302-303; 521 NW2d 797 (1994). To establish prejudice, defendant must show that there is a reasonable probability that, but for counsel’s error, the result of the proceeding would have been different.
 
 Id.
 
 at 314.
 

 Defendant cites numerous instances of ineffective assistance, including trial counsel’s failure to (1) move to quash the indictment, (2) move for a directed verdict of acquittal, (3) preserve the issue whether a conviction was against the great weight of the evidence by moving for a new trial, (4) object to the numerous instances of prosecutorial misconduct, and (5) move to sever the misdemeanor charge of driving ■with a suspended license from the felony charge. Given our analysis of the issues in this case related to the first four alleged errors, we conclude that there is not a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different.
 

 With regard to counsel's failure to sever the misdemeanor charge of driving with a suspended license from the felony charge of failing to stop and render reasonable assistance, defendant argues that the offenses were not related and that defense counsel’s failure to sever the two seriously prejudiced defendant. However, the prosecution’s theory was that
 
 *663
 
 defendant’s conduct after the accident could be explained, at least in part, by his desire to hide the fact that he had been driving with a suspended license. Therefore, the jury likely would have known of the other charge anyway, as the prosecution likely would have sought to admit it as a prior act to show motive. We conclude, therefore, that defendant has not demonstrated that he was prejudiced by counsel’s failure to sever.
 

 Affirmed.
 

 [1]
 

 The attending emergency room physician testified that Dalton suffered extensive facial injuries from ear-to-ear, “almost like a dissection,” that his entire jaw was removed and fragments of it appeared to be on a flap of skin that was hanging over his chest, and that his thyroid gland and larynx were removed.
 

 [2]
 

 At trial, the prosecution did not argue whether defendant failed to provide the information to those injured in the accident as required by § 619. He argued only whether defendant provided reasonable assistance in securing medical aid, and the court instructed on that issue only.