# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

HERMAN RAMIK KERSEY,

      Defendant-Appellant.

UNPUBLISHED
March 29, 2016

No. 324674
Wayne Circuit Court
LC No. 14-004826-FC

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. (*concurring*).

I concur in most of the majority's opinion. I write separately to indicate that I find that the prosecutor's repeated statements about defendant being a convicted felon, outside the context of the felony firearm charge, to be improper.

The record is clear that the prosecutor essentially argued the issue of defendant's conviction while discussing defendant's credibility, in direct response to defense counsel arguing that the victim was not believable. Defense counsel objected and the trial court instructed the jury that the prosecutor's comments were limited to the felon in possession of a firearm charge and that the prior felony was not for the purpose of whether or not defendant was believable. The prosecutor again stated that defendant was a convicted felon. Defense counsel again objected and the trial court stated "let's move on". "'Issues of prosecutorial misconduct are decided case by case, with the reviewing court examining the pertinent portion of the record and evaluating the prosecutor's remarks in context.'" *People v Gonzalez*, 256 Mich App 212, 222-223; 663 NW2d 499 (2003), quoting *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). I find this to be misconduct, however because a jury is presumed to have followed the court's instruction, *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998), defendant was not deprived of a fair trial.

           /s/ Amy Ronayne Krause

-1-