STATE OF MICHIGAN
COURT OF APPEALS

PATRICK NEIL KINNEY,

        Plaintiff-Appellant,

V

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellee.

UNPUBLISHED
January 19, 2017

No. 329588
Ingham Circuit Court
LC No. 15-000144-AA

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

In this prison-misconduct appeal, plaintiff argues that the prison rule under which he was charged and adjudicated is unconstitutionally vague. We disagree and affirm.

Plaintiff was charged with violating Michigan Department of Corrections (MDOC) Prisoner Discipline Policy Directive 03.03.105, possession of dangerous contraband—escape material. The charge is based on a detailed drawing that plaintiff created that depicts the prison security perimeter from a vantage point inside the prison. The drawing includes the fence, support posts, guard tower, and light posts. Plaintiff claims that he created the drawing as an art project and that he intended on submitting it in a contest in which he had previously participated. Following a hearing, the misconduct charge was initially upheld. A hearings' administrator who ordered a rehearing requested that the next hearing officer determine whether the drawing was escape material and whether plaintiff had sufficient notice that the drawing could be considered escape material. The hearing officer subsequently determined that even though plaintiff likely intended to use the drawing for an art project and not to attempt to escape, he was nevertheless not authorized by prison staff to create the drawing. The hearing officer also determined that the drawing was escape material based on the MDOC prisoner mail policy directive, which prohibits prisoners from receiving drawings or detailed descriptions of corrections facilities that depict methods of escape. The hearing officer determined that plaintiff had sufficient notice that the drawing could be considered escape material, noting that the prisoner mail policy clearly defines escape material as including a detailed drawing of a prison facility and that the mail policy "adds some of the lacking exemplifications in the pertinent part of the Prisoner Discipline Policy." Plaintiff's initial guilty adjudication was upheld.

Plaintiff filed an appeal in the circuit court, arguing that the prison rule prohibiting escape material is unconstitutionally vague and that the hearing officer's decision that plaintiff's

drawing was escape material was not supported by substantial evidence. The circuit court affirmed, noting that the prisoner discipline policy did not define escape material but that the "common definitions of escape material would obviously find that drawings of prison facilities created with exacting details would constitute escape materials." The court also noted that the mail policy defined escape materials, which put plaintiff on notice that his drawing was prohibited. Addressing plaintiff's argument that other prisoners had created similar drawings in the past and gone unpunished, the court noted that the other drawings "were all stylized, artistic depictions," while plaintiff's drawing "is of an identifiable section of fencing and includes the fence, support posts, guard tower, light posts, and even snow banks." The court ultimately determined that plaintiff had fair notice that his conduct was prohibited and that the prison rule was not unconstitutionally vague.

When reviewing a decision of an administrative agency, a court must determine whether the decision was authorized by law and whether the agency's factual findings were "supported by competent, material and substantial evidence." Const 1963, art 6, § 28; MCL 791.255(4). This Court must then decide "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This Court reviews de novo the interpretation of administrative regulations. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 698; 736 NW2d 594 (2007).

Because the principles of statutory interpretation apply equally to the construction of administrative rules, *City of Romulus v Mich Dep't of Environmental Quality*, 260 Mich App 54, 65; 678 NW2d 444 (2003), this Court should presume the prison rule involved here to be constitutional, and plaintiff must prove it is invalid. See *People v Sadows*, 283 Mich App 65, 67; 768 NW2d 93 (2009)(citations omitted)("A statute is presumed constitutional, and the party challenging the statute has the burden of proving its invalidity."). A statute may be challenged on vagueness grounds if it "does not provide fair notice of the conduct proscribed." *People v Noble*, 238 Mich App 647, 651; 608 NW2d 123 (1999). Fair notice, requires that a statute give a person of ordinary intelligence a reasonable opportunity to know what is prohibited. *Id.* at 652. "A statute is sufficiently definite if its meaning can fairly be ascertained by reference to judicial interpretations, the common law, dictionaries, treatises, or the commonly accepted meanings of words." *Id.*

If an administrative rule's language is unambiguous, further judicial interpretation is not allowed, but where the language is ambiguous, a court may "properly go beyond the words of the statute or administrative rule to ascertain the drafter's intent." *Id.* An agency's interpretation of its own administrative rule "is entitled to respectful consideration and, if persuasive, should not be overruled without cogent reasons." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 108; 754 NW2d 259 (2008). While "the agency's interpretation cannot conflict with the plain meaning of the statute," it "can be particularly helpful for 'doubtful or obscure' provisions." *Id.* (citation omitted).

The prisoner discipline policy directive lists possession of dangerous contraband as a class I misconduct. According to the directive, dangerous contraband includes "escape material," but nowhere in the directive is that phrase defined. Defendant urges this Court to look at the ordinary dictionary definition and the prisoner mail policy directive to interpret the phrase.

-2-

Given these tools of statutory construction, defendant contends, and we agree, it is clear that a detailed drawing of a prison falls within the prohibited escape material and that plaintiff received fair notice of this prohibition. Plaintiff, on the other hand, suggests that he should not be required to read another policy directive to figure out what conduct the phrase prohibits, and he contends that a plain reading of the prisoner discipline policy directive would not put him on notice that a drawing of a prison intended for submission to an art show is prohibited conduct.

Under the doctrine of *in pari materia*, statutes or rules "that relate to the same subject or that share a common purpose should, if possible, be read together to create a harmonious body of law." *People v Mazur*, 497 Mich 302, 313; 872 NW2d 201 (2015). MDOC policy directive 03.03.105 is entitled prisoner discipline, outlines procedures for prisoner discipline, and lists the levels of misconduct. MDOC policy directive 05.03.118 is entitled prisoner mail, outlines rules regarding the mail system, and describes mail content that a prisoner is prohibited from receiving. Thus, both directives proscribe certain conduct, and the purpose of each directive is to regulate prisoner conduct and foster a safe environment for the facility. Because they share a common purpose, they should be read together.

"Escape material" is not defined in policy directive 03.03.105, and none of the listed "common examples" are comparable to the drawing at issue here.[1] MDOC policy directive 05.03.118 expressly prohibits "[m]ail depicting, encouraging, or describing methods of escape from a correctional facility . . . includ[ing] blueprints, drawings, or similar detailed descriptions of correctional facilities. . . ." *Id.*, ¶ MM(16). Reading the two directives together because they are *in pari materia*, one cannot question that "escape material" as used within policy directive 03.03.105, includes "blueprints, drawings, or similar detailed descriptions of correctional facilities," policy directive 05.03.118. While plaintiff posits that a "person of ordinary intelligence" should not be required to read multiple policy directives to determine what conduct is prohibited, it is not unreasonable to require prisoners—who are inherently subject to strict regulations—to know and understand all of the policy directives to which they are subject. Because a prisoner is subject to the policy prohibiting incoming mail depicting escape methods such as drawings of correctional facilities, it is reasonable to conclude that the policy prohibiting escape material includes the same type of drawings. Thus, we conclude that plaintiff had fair notice that he was subject to discipline for possessing a detailed drawing of the correctional facility.

Plaintiff also incorporated into his vagueness argument claims that he was not given fair notice because prison staff allowed plaintiff to receive drawings of prisons through the mail and allowed other prisoners to make drawings of prisons in the past without punishment. In support of his position, plaintiff relies heavily on *Wolfel v Morris*, 972 F2d 712 (CA 6, 1992). In *Wolfel*, prisoners circulated the signature page of petitions among facility inmates. *Id.* at 714. The facility's guards and officials seized the pages and charged the prisoners with "possession of,

_____

[1] Both parties note that the policy directive has now been amended to include as common examples of escape material "blueprints, drawings, or similar detailed descriptions of correctional facilities, courthouses, and medical care facilities."

conspiracy to possess, or attempt to possess contraband" in violation of prison rules. *Id.* The *Wolfel* court noted that prisoners in the past had been allowed to circulate numerous petitions without punishment. *Id.* at 717. Therefore, the court found that the prisoners charged in the case "had no reason to believe that they were engaging in activity prohibited by prison regulations," noting that their conduct "was 'virtually identical to conduct previously tolerated.' " *Id.*, quoting *Waters v Peterson*, 161 US App DC 265, 274; 495 F2d 91 (1973). Ultimately, the *Wolfel* court held that the prisoners' punishment "violated their due process rights since they had no fair warning that they were engaging in prohibited activity." *Id.*

The case at hand is distinguishable from *Wolfel*. Contrary to plaintiff's assertion, there is no evidence that prison officials allowed other prisoners to make similar drawings in the past without punishment. The drawings that are included in the agency record are substantially different. Some include artistic imagery and are not intended to factually represent the details of an existing prison structure. They are not "detailed drawings" that depict the prison perimeter and highlight the intricacies of the prison security system. The included drawings that do include some detail are from a vantage point *outside* of the facility. Plaintiff's drawing depicts in detail a section of the prison perimeter from *inside* the facility, including the fence, posts, guard tower, lighting, and snow banks. Thus, the fact that these other drawings did not trigger punishment does not negate the fair-notice analysis above or render the prison rule void for vagueness.

Plaintiff also references his intent as a factor to determine whether he had fair notice that his conduct was prohibited. Intent is neither a part of a vagueness analysis nor a part of the rule under which plaintiff was charged. A rule provides fair notice if it gives "a *person of ordinary intelligence* a reasonable opportunity to know what is prohibited." *Noble*, 238 Mich App at 652 (emphasis added). The rule at issue states nothing regarding intent—it merely prohibits a prisoner from possessing dangerous contraband, including escape material. Thus, even if plaintiff's only intent were to submit his drawing to an art competition, he was still given fair notice that he could not possess such a detailed drawing of a prison. And the rule provided fair notice that his intent in possessing the drawing was not relevant. Therefore, the administrative rule prohibiting escape material was not void for vagueness as applied to the facts of this case.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray