# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

DWAYNE LENZELL CARADINE,

       Defendant-Appellant.

UNPUBLISHED
February 23, 2017

No. 329756
Macomb Circuit Court
LC No. 2015-001263-FH

Before: JANSEN, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of first-degree retail fraud, MCL 750.356c. The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 36 months' to 15 years' imprisonment. We affirm.

This case arises from defendant's theft of merchandise from his place of employment, Dollar General. Defendant was convicted following a jury trial, during which defendant admitted that he took merchandise from Dollar General without paying for it. Defendant's manager at Dollar General testified that he initially discovered defendant's activities while reviewing the store's surveillance footage. Segments of surveillance footage introduced at trial depicted defendant repeatedly placing merchandise into bags and then leaving the store without paying for it.

At the time that the store's management confronted defendant with the footage, defendant wrote and signed a statement wherein he admitted to theft of store merchandise. In his written statement, defendant estimated the total value of the merchandise that he took was $1,200. At trial, defendant testified that he originally estimated the value of the merchandise at $600 in his statement but that he revised the estimate to $1,200 at the urging of the store manager. Defendant testified that he believed his estimate of the value of the merchandise at $600 was more accurate. However, defendant confirmed at trial that his signed statement indicated that from the period of December 1, 2014, to March 11, 2015, he took merchandise of approximately $100 in value each week, which suggests a total of approximately $1,400.

On appeal, defendant contends that the statute under which he was convicted, MCL 750.356c, is void because it is unconstitutionally vague. We disagree. We review a challenge to a statute's constitutionality under the void-for-vagueness doctrine de novo. *People v Solloway*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324559), slip op 3. We note,

-1-

however, that because defendant did not challenge the constitutionality of the statute below, this issue has not been preserved for appellate review. See *People v Metamora Water Service, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). An unpreserved claim of constitutional error is reviewed by this Court for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 761-764; 597 NW2d 130 (1999). To demonstrate plain error, a defendant must demonstrate that an error occurred, that the error was plain, meaning clear or obvious, and that the error affected substantial rights, which requires a showing of prejudice or that the error affected the outcome of the lower court proceedings. *Id.* And even if plain error affecting substantial rights is demonstrated, reversal is only warranted if the unpreserved error resulted in the conviction of an actually innocent defendant or the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Id*.

MCL 750.356c provides, in relevant part:

(1) A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the first degree . . . .

* * *

(b) While a store is open to the public, steals property of the store that is offered for sale at a price of $1,000.00 or more.

* * *

(3) The values of the difference in price, property stolen, or money or property obtained or attempted to be obtained in separate incidents *pursuant to a scheme or course of conduct* within any 12-month period may be aggregated to determine the total value involved in the offense under this section. (Emphasis added.)

Defendant argues that MCL 750.356c(3) is unconstitutionally vague because the statute does not define the phrase "scheme or course of conduct." Defendant contends that, because MCL 750.356c(3) is unconstitutional, the jury was not permitted to aggregate the value of the property he took to reach the $1,000 minimum required for a conviction of first-degree retail fraud, and therefore the prosecution failed to present sufficient evidence to support his conviction. Defendant also argues that he was denied the effective assistance of counsel because counsel failed to raise this issue before the trial court.

Unless the unconstitutionality of a statute is clearly apparent, we presume the statute to be constitutional and must construe it to be constitutional if possible. *People v Yanna*, 297 Mich App 137, 146; 824 NW2d 241 (2012). A statute may be unconstitutional on the basis of vagueness, however, if the statute (1) fails to provide fair notice of the conduct proscribed; (2) is so indefinite that it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; or (3) its coverage is overbroad and impinges on First Amendment protections. *People v Harris*, 495 Mich 120, 133-134; 845 NW2d 477 (2014). The burden is on the party challenging the statute's constitutionality to prove that the law is unconstitutional. *Id*.

A statute provides fair notice if it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited or required. *People v Noble*, 238 Mich App 647, 652; 608 NW2d 123 (2000). The terms of the statute should not leave a person of ordinary intelligence to guess its meaning and application. *Id*. We consider a statute to be sufficiently definite if its meaning can fairly be determined by reference to judicial interpretations, the common law, treatises, or the commonly accepted meanings of words. *People v Gaines*, 306 Mich App 289, 319; 856 NW2d 222 (2014). When defining common words or phrases that have no unique legal meaning, we consult a lay dictionary. *Id*.

In support of his argument that MCL 750.356c(3) is unconstitutionally vague because the phrase "scheme or course of conduct" is not defined within the statute, defendant asserts that a person of ordinary intelligence would not know the meaning of this phrase, and thus the statute fails to provide fair notice of proscribed criminal conduct. Defendant also contends that the statute confers unlimited discretion on the trier of fact to determine whether the proscribed conduct was committed, because the statute does not provide specific criteria for application of the phrase "scheme or course of conduct." We disagree. Although the statute does not provide the definition of the phrase "scheme or course of conduct," a person of ordinary intelligence could determine the meaning of that phrase by relying on the plain and ordinary meaning of those terms as provided by a lay dictionary.

According to Merriam-Webster's Collegiate Dictionary, scheme is defined as "a plan or program of action[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed). Additionally, it defines course as "a chosen manner of conducting oneself," and conduct as "the act, manner, or process of carrying on[.]" *Merriam-Webster's Collegiate Dictionary* (11th ed). A person of ordinary intelligence relying on the plain and ordinary meaning of these terms would have notice that the value of multiple pieces of property wrongfully taken from a store in separate incidents could be aggregated if those incidents were either part of a common plan of action or a continuous chosen manner of action. As defendant does nothing more than merely assert that the plain and ordinary meaning of "scheme or course of conduct" would be inscrutable to an ordinary person, defendant has not demonstrated that MCL 750.356c(3) fails to provide notice of proscribed conduct.

We also disagree that MCL 750.356c(3) grants a trier of fact unlimited discretion to determine whether the proscribed conduct was committed because the statute lacks specific criteria for application of the phrase. The application of the phrase "scheme or course of conduct" is limited by the language preceding it in the statute. The scheme or course of conduct must relate to "separate incidents" where "money or property" was "obtained or attempted to be obtained," and thus, a trier of fact is limited in what schemes or courses of conduct it may consider in its application of the statute. Therefore, MCL 750.356c(3) contains language that limits and guides a prosecution for first-degree retail fraud, and thus prevents arbitrary and discriminatory enforcement of the statute.

Because we find that MCL 750.356c(3) is not unconstitutionally vague, we similarly reject defendant's argument that insufficient evidence was presented to sustain his conviction. When viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to sustain defendant's conviction; indeed, the evidence of defendant's guilt was overwhelming. Pursuant to MCL 750.356c(1)(b), a person is guilty of first-degree retail fraud if

-3-

"[w]hile a store is open to the public" he or she "steals property that is offered for sale at a price of $1,000.00 or more." The evidence supporting defendant's conviction includes defendant's testimony that he took items from the store without payment, defendant's signed statement and later confirmation that he took merchandise valued at $100 from the store on a weekly basis from December 1, 2014 to March 11, 2015, and surveillance footage that showed defendant repeatedly placing merchandise into bags and then leaving the store without providing payment for that merchandise. This evidence supports the jury's conclusion that defendant took property valued at $1,000 that was offered for sale at Dollar General. In addition, because the constitutional challenge was meritless, defendant was not denied effective assistance of counsel when defense counsel failed to raise a constitutional challenge to MCL 750.356c(3). *People v Putnam*, 309 Mich App 240, 245; 870 NW2d 593 (2015).

Affirmed.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Michael F. Gadola