*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD ANTHONY PAGE,

Defendant-Appellant.

UNPUBLISHED
May 20, 2021

No. 350183
Lapeer Circuit Court
LC No. 17-012927-FH

Before: RONAYNE KRAUSE, P.J., and RIORDAN and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions for two counts of second-degree child abuse, MCL 750.136b(3), two counts of operating while intoxicated (OWI) causing serious impairment of a body function, MCL 257.625(5)(a), operating under the influence of intoxicating liquor (third offense), MCL 257.625(1); MCL 257.625(9)(c), two counts of operating while license suspended (OWLS) causing serious impairment of a body function, MCL 257.904(5), and two counts of OWI with an occupant less than 16 years of age (second offense), MCL 257.625(7)(a)(*ii*). The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to 6 to 15 years' imprisonment for both counts of child abuse and 3 to 7½ years' imprisonment for all other offenses. We affirm.

## I. BACKGROUND

On April 1, 2016, defendant, his then-girlfriend Jessica Rodgers, and their two children—a three-year-old daughter and an eight-month-old son—went to a party at the home of defendant's stepfather. At the time, defendant's license was suspended because of previous alcohol-related driving convictions. According to several witnesses who were at the party, defendant was drinking alcohol and not in a condition to drive. As a result, Rodgers drove the family home from the party. But before they made it home, defendant made Rodgers pull over so he could drive. While driving, defendant crashed into a ditch.

Around 1:30 a.m. on April 2, 2016, the police were called to the scene where defendant crashed. Defendant's vehicle was in the ditch on the side of the road, upside-down. Officers found defendant in the driver's seat, and all of the passengers were buckled in and hanging from their

seats. Rodgers and defendant's daughter both had significant injuries. According to an expert in accident investigations, defendant was driving at a high rate of speed coming into a curve in the road, which ultimately caused the vehicle to leave the road and flip over. Based on information from the vehicle's data recorder, five seconds before the airbags were deployed, defendant's vehicle was still on the road, traveling 96 miles per hour. After defendant was taken to the hospital, a blood test was taken that showed defendant's blood alcohol content (BAC) was at least 0.192 grams of alcohol per 100 milliliters of blood. Defendant was charged as provided above, and a jury found him guilty on all counts. Defendant now appeals.

## II. PROSECUTORIAL MISCONDUCT AND MISTRIAL

On appeal, defendant argues that the prosecution committed prosecutorial misconduct by eliciting testimony from Rodgers that defendant was previously convicted of driving under the influence (DUI), despite the trial court having ruled such evidence inadmissible. Defendant argues this evidence prejudiced him because the jury likely drew an impermissible propensity inference and failed to fully consider the rest of the evidence before it. Defendant further argues the trial court erred by denying his motion for a mistrial, premised on the prosecution's purported misconduct. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

After the prosecution elicited the contested testimony from Rodgers, defense counsel objected and moved for a mistrial. After the trial court denied defense counsel's motion, counsel asked the court to not give a curative instruction so as to not draw additional attention to Rodgers' contested testimony.

Defendant's claim that the trial court erred by not granting a mistrial is clearly preserved, and that claim is reviewed for an abuse of discretion. *People v Alter*, 255 Mich App 194, 205; 659 NW2d 667 (2003).

Likewise, defendant's prosecutorial misconduct claim is preserved because defendant contemporaneously objected to the prosecutor's alleged misconduct, thereby allowing the trial court the opportunity to timely address the alleged error. See *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). "[P]reserved allegations of prosecutorial misconduct are reviewed de novo to determine whether the defendant was denied a fair and impartial trial." *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003). Despite that his claim is preserved, defendant asked the trial court to not give a curative instruction. When a defendant fails to request a curative instruction or asks the trial court to not give a curative instruction, this Court "cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010).

## B. ANALYSIS

"A motion for a mistrial should be granted only for an irregularity that is prejudicial to the rights of the defendant and impairs the defendant's ability to get a fair trial." *People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017) (quotation marks and citation omitted). "Further, the moving party must establish that the error complained of is so egregious that the prejudicial effect can be removed in no other way." *Id*. (quotation marks and citation omitted).

"The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). "Prosecutorial misconduct issues are decided on a case-by-case basis, and the reviewing court must examine the record and evaluate a prosecutor's remarks in context." *Id*. at 382-383.

Defendant moved the trial court, before his trial began, to exclude any evidence of his previous convictions for alcohol-related driving offenses. The trial court granted defendant's motion after concluding that the unfair prejudicial effect of such evidence would substantially outweigh its probative value in light of the fact that defendant was again charged with alcohol-related driving offenses.

After this ruling, the prosecution had the following exchange with Rodgers at trial:

> *Q*. Did [defendant] ever tell you that he had a suspended driver's license?
>
> *A*. He did not. I did know, though.
>
> *Q*. You did?
>
> *A*. Yes.
>
> *Q*. How do you know?
>
> *A*. Because he had prior DUI convictions and had his license suspended.

Defendant promptly objected and, outside the presence of the jury, moved for a mistrial, arguing that the prosecution asked Rodgers the last question when it was "fully aware that the answer that was going to come was going to be the drinking and driving," and that the evidence of his previous convictions would substantially prejudice him. The trial court denied defendant's motion for a mistrial because it did not believe the issue rose "to the level of a mistrial," but it warned the prosecution and Rodgers not to mention defendant's convictions again and offered to provide a curative instruction to the jury. Defendant refused a curative instruction and the matter was not mentioned to the jury again.

The prosecution did not commit prosecutorial misconduct. "A prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007). Moreover, "[t]he prosecutor is entitled to attempt to introduce evidence that he legitimately believes will be accepted by the court, as long as that attempt does not prejudice the defendant." *People v Noble*, 238 Mich App 647, 660-661; 608 NW2d 123, 131 (1999). Defendant was charged with OWLS. To convict defendant of that charge, the prosecution had to prove beyond a reasonable doubt that defendant's license was suspended when he operated the motor vehicle in this case. See MCL 257.904(1). After Rodgers said that she knew defendant had a suspended license even though defendant never told her that he did, it was reasonable for the prosecution to elicit evidence establishing some foundation for Rodgers's knowledge because that foundation made it more likely that the jury would believe Rodgers' testimony. We therefore conclude that the prosecution's effort to establish a foundation for Rodgers' knowledge about

-3-

defendant's suspended license was a good-faith attempt to admit evidence, which does not constitute misconduct.

Moreover, the prosecution's good-faith effort to establish how Rodgers knew that defendant's license was suspended did not prejudice defendant. We recognize that Rodgers' answer to the prosecution's question—that defendant "had previous DUI convictions"—presented the risk that the jury would conclude that defendant was driving while intoxicated based on the fact that he was previously convicted of driving while intoxicated instead of based on the evidence before it. See *People v Denson*, 500 Mich 385, 410; 902 NW2d 306 (2017). Nevertheless, under the circumstances of this case, we conclude that defendant was not prejudiced. Multiple witnesses testified that defendant had been drinking at the party shortly before the crash. These witnesses testified that defendant exhibited behaviors consistent with being intoxicated, and defendant's stepfather eventually asked defendant to leave the party and ensured that Rodgers was driving instead of defendant. Despite that Rodgers was driving when they left the party, the evidence clearly established that, at some point, defendant took over driving. Rodgers testified that after she hit a pothole, defendant told her to pull over so he could drive, and two police officers testified that defendant was in the driver's seat of the overturned vehicle when they arrived. A blood test taken after the accident revealed that defendant's BAC was at least twice the legal limit.

Moreover, Rodgers' single sentence was the only mention of defendant having a prior DUI conviction in the course of the four-day trial. Defendant's prior convictions were never mentioned by the prosecutor, nor any other witness. In light of the overwhelming evidence that defendant was driving while intoxicated, and given that the mention of his prior conviction was a short sentence in the course of a four-day trial, we conclude that defendant was not prejudiced by Rodgers' brief remark. Accord *Dickinson*, 321 Mich App at 20 (holding that a discovery violation "did not prejudice [the] defendant," and therefore was not grounds for a mistrial, because even if the discovery material had been turned over to the defendant, "it would have made no difference to the outcome of her trial").

Because defendant cannot establish bad faith on the part of the prosecution or prejudice, his claim of prosecutorial misconduct is without merit. *Noble*, 238 Mich App at 660-661. Without a showing of prejudice, defendant's claim that the trial court abused its discretion in denying his motion for a mistrial also necessarily fails. *Dickinson*, 321 Mich App at 18. Therefore, defendant is not entitled to a reversal of his convictions.

## III. OFFENSE VARIABLE (OV) 13

Defendant next argues that the trial court erred by assessing 25 points for OV 13 because, despite the jury convicting him of nine offenses, he only committed one criminal act. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Defendant did not object to the scoring of OV 13 at his sentencing hearing. He did, however, file a motion to remand with this Court challenging the trial court's 25-point assessment for OV 13, thereby preserving this issue on appeal. See MCL 769.34(10). A trial court's factual findings regarding the sentencing guidelines are reviewed for clear error, but whether the facts, as

found, satisfy a particular offense variable is reviewed de novo. *People v Calloway*, 500 Mich 180, 184; 895 NW2d 165 (2017).

## B. ANALYSIS

OV 13 is assessed for a "continuing pattern of criminal behavior." MCL 777.43(1). The sentencing court should assess OV 13 at 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1). Thus,

> [b]efore any alleged crimes may be used to score OV 13, the prosecution must prove by a preponderance of the evidence that the crimes actually took place, that the defendant committed them, that they are properly classified as felony "crimes against a person," MCL 777.43(1)(c), and that they occurred "within a 5-year period" of the sentencing offense, MCL 777.43(2)(a). [*People v Nelson*, 502 Mich 934 (2018).]

This Court has further clarified that the criminal offenses must arise from more than one felonious event because "a single felonious act cannot constitute a pattern." *People v Carll*, 322 Mich App 690, 704-705; 915 NW2d 387 (2018). See also *People v Harmon*, 248 Mich App 522, 524, 532; 640 NW2d 314 (2001) (upholding a score of 25 points for OV 13 after the defendant was convicted of four counts of making child sexually abusive material on the basis that he took four photographs of two underage victims on "two separate occasions" in a single day).

The SIR generated for defendant's convictions recommended a 25-point assessment for OV 13. Defendant did not object at sentencing and, thus, the trial court adopted the SIR's recommendation.

On appeal, defendant argues that he should not have been assessed 25 points for OV 13 because his nine convictions were the result of a single felonious act, and thus did not evince a "pattern" of criminal behavior. We disagree. While defendant's crimes all occurred during the course of his driving while intoxicated, he nevertheless committed separate felonious acts during that time constituting a pattern of criminal behavior.

The moment defendant began driving while intoxicated with his two minor children in the backseat, he committed the felonious criminal act against a person of OWI with an occupant less than 16 years of age. See MCL 257.625(7)(a)(*ii*) (defining OWI with an occupant less than 16 years of age and making it a felony when the defendant's second offense); MCL 777.12f (providing that a violation of MCL 257.625(7)(a)(*ii*) is a crime against a person). When defendant accelerated to 96 miles per hour while intoxicated with his minor children in the vehicle, he committed the separate felonious criminal act against a person of second-degree child abuse. See MCL 750.136b(3) (defining second-degree child abuse); MCL 750.136b(4)(a) (making the first offense of second-degree child abuse a felony); MCL 777.16g (providing that a violation of MCL 750.136b(4)(a) is a crime against a person). Finally, when defendant lost control of his vehicle and crashed, causing a serious impairment of a body function of Rodgers and defendant's daughter, defendant committed the felonious criminal act against a person of OWI causing serious impairment of a body function. See MCL 256.625(5)(a) (defining OWI causing serious impairment of a body function and making it a felony offense); MCL 777.12f (providing that a

-5-

violation of MCL 257.625(5)(a) is a crime against a person).  In light of the foregoing, the trial court properly assessed 25 points for OV 13, and defendant is not entitled to be resentenced.[1]

Affirmed.

/s/ Amy Ronayne Krause
/s/ Michael J. Riordan
/s/ Colleen A. O'Brien

---

[1] Defendant alternatively argues that his trial counsel was ineffective for not objecting to the trial court's scoring of OV 13.  For the reasons explained, the trial court's 25-point assessment for OV 13 was proper, so any objection by trial counsel to that assessment would have been futile.  Counsel is not ineffective for failing to raise a futile objection. See *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005).