*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CORDIS ELMER DECKER,

Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 364310
Van Buren Circuit Court
LC No. 2021-023467-FC

Before: M. J. KELLY, P.J., and MARKEY and CAMERON, JJ.

PER CURIAM.

Defendant appeals by right his conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(2)(b). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 25 to 40 years' incarceration. We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from the sexual assault of an 11-year-old victim, JM. JM is the daughter of defendant's girlfriend. At trial the prosecution moved in limine to exclude the testimony of an investigator from Child Protective Services (CPS) and to exclude all evidence regarding the conclusion of the CPS investigation. The trial court granted the prosecution's motion to exclude, and the investigator did not testify at trial. Ultimately, the jury convicted defendant, and the trial court sentenced defendant as indicated. This appeal followed.

## II. CPS INVESTIGATION

Defendant argues that the trial court abused its discretion by excluding the investigator's testimony at trial; thereby, violating his due-process rights to present a defense and to confront witnesses. We disagree.

### A. STANDARD OF REVIEW

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Herndon*, 246 Mich App 371, 406; 633 NW2d 376 (2001). "An abuse of discretion

-1-

occurs when the trial court's decision falls outside the range of principled outcomes." *People v Olney*, 327 Mich App 319, 325; 933 NW2d 744 (2019) (quotation marks and citation omitted). "A trial court also necessarily abuses its discretion when it makes an error of law." *People v Al-Shara*, 311 Mich App 560, 566; 876 NW2d 826 (2015). "[A] trial court's decision on a close evidentiary question ordinarily cannot be an abuse of discretion." *People v Cameron*, 291 Mich App 599, 608; 806 NW2d 371 (2011) (quotation marks and citation omitted). Constitutional questions, such as whether a defendant was denied the right to present a defense and the right to confrontation, are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002); *People v Unger*, 278 Mich App 210, 247; 749 NW2d 272 (2008).

## B. LAW AND ANALYSIS

The Due Process Clause of the Fourteenth Amendment requires that criminal defendants be afforded a meaningful opportunity to present a complete defense. US Const, Am XIV; Const 1963, art 1, §§ 13, 17, 20; *People v Hayes*, 421 Mich 271, 278-279; 364 NW2d 635 (1984). And the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." US Const, Am VI. "[N]either the Sixth Amendment Confrontation Clause, nor due process, confers on a defendant an unlimited right to admit all relevant evidence or cross-examine on any subject." *People v Hackett*, 421 Mich 338, 347; 365 NW2d 120 (1984). "The defendant must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v Solloway*, 316 Mich App 174, 198; 891 NW2d 255 (2016) (quotation marks and citation omitted). Accordingly, the right to present a defense and confront witnesses extends only to relevant and admissible evidence. *Id*.; *Hackett*, 421 Mich at 354.

Only relevant evidence is admissible at trial. *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001). Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. But even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. The probative value of a witness's testimony is outweighed by the danger of unfair prejudice where the witness "comment[s] or provide[s] an opinion on the credibility of another person while testifying at trial." *People v Musser*, 494 Mich 337, 349; 835 NW2d 319 (2013). In *People v Douglas*, 496 Mich 557, 583; 852 NW2d 587 (2014), our Supreme Court determined a CPS investigator's testimony lacked probative value because it suggested the abuse allegations against the defendant were substantiated. The Court opined that these statements improperly lent credibility to the complainant's allegations and, therefore, these statements should have been excluded at trial. *Id*. at 585.

In this case, the prosecution moved in limine to exclude the testimony of a CPS investigator, who purportedly would have testified that CPS closed its investigation of defendant due to lack of evidence of abuse or neglect. The trial court granted the motion, finding this testimony lacked probative value. Specifically, the trial court stated that "witnesses are not allowed to express opinions about the credibility of other witnesses" and therefore, "it would be inappropriate to introduce evidence that C-P-S [sic] agents, in essence, determine the complainant

was being untruthful." As in *Douglas*, the investigator's testimony regarding the final disposition of the CPS investigation could be viewed as improperly supporting or challenging the credibility of another person. *Douglas*, 496 Mich 557 at 58. Thus, the trial court's decision to exclude the testimony of the CPS investigator was not an abuse of discretion and, therefore, defendant's due process rights and right to present a defense were not violated.

## III. PROSECUTORIAL ERROR[1]

Defendant argues that the prosecution's referral to the complaining witness as a victim during opening statement constituted prosecutorial error. Defendant also claims the prosecution erred by moving to exclude the testimony of the CPS investigator. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

"To preserve a claim of prosecutorial error, a defendant must timely and specifically challenge the prosecutor's statements or conduct." *People v Thurmond*, ___ Mich App ___, ___ n 6; ___ NW2d ___ (2023) (Docket No. 361302); slip op at 9. Defendant did not object to the prosecutor's conduct in the trial court on the ground of prosecutorial misconduct; therefore, defendant's claims of prosecutorial error are not preserved. Similarly, defendant did not allege prosecutorial error when the prosecutor moved to exclude the testimony of the CPS investigator. Unpreserved claims of prosecutorial error are reviewed for plain error affecting substantial rights. *People v Abraham*, 256 Mich App 265, 274; 662 NW2d 836 (2003). "Reversal . . . is warranted only when a plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. at 274-275 (footnote omitted).

### B. LAW AND ANALYSIS

The test for a claim of prosecutorial error is whether the alleged error deprived defendant of a fair trial. *People v Dunigan*, 299 Mich App 579, 588; 831 NW2d 243 (2013). The defendant bears the burden of demonstrating that the error resulted in a miscarriage of justice. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). An unpreserved claim of prosecutorial misconduct only warrants relief if the prejudicial effect was so great that it could not have been cured by an appropriate instruction at trial. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994).

Defendant argues the prosecutor committed error by using the term "the victim" when referring to the complaining witness. For purposes of CSC offenses, "victim" is defined as "the

---

[1] Defendant uses the phrase "prosecutorial misconduct." "Although 'prosecutorial misconduct' is a commonly accepted term of art in criminal appeals, it is a misnomer when referring to allegations that do not involve violations of the rules of professional conduct or illegal activity. Less egregious conduct involving inadvertent or technical error is should be deemed 'prosecutorial error.' " *People v Thurmond*, ___ Mich App ___, ___ n 6; ___ NW2d ___ (2023) (Docket No. 361302); slip op at 9. Because defendant does not allege any illegality or violation of the rules of professional conduct, we refer to defendant's allegations as "prosecutorial error."

person alleging to have been subjected to criminal sexual conduct." MCL 750.520a. Because JM was the person who alleged "to have been subjected to criminal sexual conduct," the prosecutor's use of the term "the victim" in reference to JM was not erroneous.

Defendant also asserts a claim of prosecutorial error regarding the prosecutor's motion in limine to exclude the testimony of the CPS investigator. Defendant claims that the prosecutor was motivated by her pursuit of a successful conviction rather than truth and justice. Indeed, it is the role of the prosecutor to seek justice, and not merely to procure convictions. *People v Jones*, 468 Mich 345, 354; 662 NW2d 376 (2003). However, "prosecutorial [error] cannot be predicated on good-faith efforts to admit evidence," or, in this case, exclude evidence. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). A review of the record reveals that the prosecution's request to exclude the evidence and the trial court's subsequent decision to grant the prosecution's motion was proper and supported by the law. Therefore, defendant failed to demonstrate bad faith on the part of the prosecution or that he was prejudiced by the exclusion of the evidence. See *id*. at 661.

Affirmed.


/s/ Michael J. Kelly
/s/ Jane E. Markey
/s/ Thomas C. Cameron

-4-