# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DYLAN SCOTT BECHAZ,

Defendant-Appellant.

UNPUBLISHED
May 16, 2017

No. 331530
Emmet Circuit Court
LC No. 15-004194-FH

Before: SAWYER, P.J., and MURRAY and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of delivering a controlled substance, MCL 333.7401(2)(b)(*ii*). The trial court sentenced defendant to three months in jail. He appeals his conviction by right, and we affirm.

Defendant argues that the prosecutor committed error[1] by improperly bolstering confidential informant Candace Causka's credibility. Generally, we review prosecutorial error arguments de novo to determine whether the defendant was denied a fair trial. *People v Dunigan*, 299 Mich App 579, 588; 831 NW2d 243 (2013). Because there was no objection raised below, our review is for plain error affecting defendant's substantial rights. *People v Bennett*, 290 Mich App 465, 475-476; 802 NW2d 627 (2010), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

---

[1] Although this type of claim is generally referred to as "prosecutorial misconduct," this Court has stated that, "the term 'misconduct' is more appropriately applied to those extreme . . . instances where a prosecutor's conduct violates the rules of professional conduct or constitutes illegal conduct," but that claims "premised on the contention that the prosecutor made a technical or inadvertent error at trial" are "more fairly presented as claims of 'prosecutorial error[.]' " *People v Cooper*, 309 Mich App 74, 87-88; 867 NW2d 452 (2015) (citation omitted). Nevertheless, regardless of "what operative phrase is used, [this Court] must look to see whether the prosecutor committed errors during the course of trial that deprived defendant of a fair and impartial trial." *Id.* at 88, citing *People v Aldrich*, 246 Mich App 101, 110; 631 NW2d 67 (2001). Here, we will refer to defendant's claim as prosecutorial error, as the argument is limited to technical errors by the prosecutor.

Claims of prosecutorial error are reviewed on a case-by-case basis by examining the record and evaluating the prosecutor's remarks in context. *People v Noble*, 238 Mich App 647, 660; 608 NW2d 123 (1999). "[T]he prosecutor is permitted to argue the evidence and all reasonable inferences arising from it." *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). Although a prosecutor cannot vouch for the credibility of a witness by implying that he or she "has some special knowledge concerning a witness' truthfulness," *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995), the prosecutor may comment on the credibility of prosecution witnesses during closing argument, "especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes," *Thomas*, 260 Mich App at 455.

Defendant asserts that the prosecutor improperly questioned Deputy Crowe about Causka's previous service as a confidential informant, which resulted in testimony that she had participated in one other controlled drug buy that led to an arrest, and that she had not been paid or promised anything for her cooperation. In so doing, however, the prosecutor did not improperly imply that he had special knowledge of Causka's credibility. Indeed, the record shows that when the prosecutor attempted to do so by asking whether there was anything about the deputy's experience with Causka that led him to feel "that she was not credible or dishonest," defense counsel objected and the court sustained the objection, stating: "Jury, disregard that testimony about his views of the honesty of the confidential informant in this case. It's up to you to judge credibility. The witness is not competent to testify to that." Thus, even if the prosecutor's statements regarding Causka's impartiality had constituted improper bolstering of her credibility, this curative instruction, along with the later reminder to the jury that the prosecutor's arguments are not evidence, alleviated any potential prejudicial effect. *People v Callon*, 256 Mich App 312, 329-330; 662 NW2d 501 (2003).

Defendant also asserts that the prosecutor again improperly bolstered Causka's credibility during his closing argument by stating:

> So when you look at the credibility of witnesses, as the jury instruction will tell you, look at who are the witnesses who are corroborated. One is not a drug dealer. One is not a drug user. One only got involved to help her baby's father. She got nothing for it. She wasn't promised anything. Her senses were clear that night. She didn't use drugs. She has absolutely no interest in the outcome of this case. She reported it to the police in specific detail within moments of the crime; not four, six or eleven months later like their witnesses. She's not involved in the drug world but for the bad judgment of being with Damien May. She didn't have criminal charges pending. She doesn't have criminal charges pending currently; has never had criminal charges pending; has not had any cases dismissed against her for her help or reoperation; who is raising a baby on her own; not using drugs; who is articulate and was willing to wear a wire that night knowing that her every word is being recorded, and theirs. . . . [Why] then would she come back and tell the police that [defendant] wrapped up the 25-I and gave it to her. Why would she say that if it's false when she knows she's being recorded?

However, these statements were based on inferences drawn from the evidence and constituted permissible comment on the credibility of a prosecution witness during closing argument. *Thomas*, 260 Mich App at 454-455. Accordingly, no plain error occurred.

Defendant also objects to the prosecutor's comments during closing argument that Causka was brave to have served as a confidential informant and come to court to testify, which he contends was an improper appeal to the jury's sympathy. While it is well established that a prosecutor may not appeal to the jury's sympathy for the victim of the crime at issue, *People v Meissner*, 294 Mich App 438, 456; 812 NW2d 37 (2011), defendant offers no authority for the proposition that appeals to sympathy for a witness constitute misconduct. In any event, the prosecution was asking the jury to consider the circumstances of Causka's involvement in the controlled purchase and her coming to trial to provide her testimony. The argument did not imply that the prosecutor had special knowledge that Causka was truthful, and was permissible comment on her credibility based on the evidence in the record.

Defendant also argues that his trial counsel was ineffective for failing to object to the prosecutor's remarks regarding Causka. However, as discussed, the prosecutor's remarks were permissible and did not constitute misconduct. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010). Further, even if the prosecutor's comments regarding Causka during closing arguments had been improper, trial counsel's decision not to object could have been a matter of strategy designed to avoid drawing attention to an improper comment. *Bahoda*, 448 Mich at 287 n 54. "[D]eclining to raise objections, especially during closing arguments, can often be consistent with sound trial strategy," *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008), and a reviewing court will not substitute its judgment for counsel's on matters of strategy, *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999).

Affirmed.

/s/ David H. Sawyer
/s/ Christopher M. Murray
/s/ Elizabeth L. Gleicher

-3-